UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH HERNANDEZ (#385129)

VERSUS                                             CIVIL ACTION

RICKY SPINNER, ET AL                               NUMBER 13-754-JJB-SCR

## ORDER

Before the court is the Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person in State Custody filed on behalf of Kenneth Hernandez.

Petitioner was found guilty of fourth offense driving while intoxicated in the Nineteenth Judicial District Court for East Baton Rouge Parish, Louisiana on November 8, 2010.  Petitioner was sentenced to 20 years imprisonment at hard labor.

On direct appeal the petitioner asserted a single assignment of error: the trial court erred in denying his motion to suppress and motion for new trial.  The Louisiana First Circuit Court of Appeal affirmed the petitioner's conviction and sentence. *State of Louisiana v. Kenneth Charles Hernandez*, 2011-0565 (La. App. 1st Cir. 11/9/11), 90 So.3d 550.

Petitioner sought supervisory review by the Louisiana Supreme Court.  The Louisiana Supreme Court denied review.  *State of Louisiana v. Kenneth Charles Hernandez*, 2011-2740 (La. 4/13/12), 85 So. 3d 1245.

Petitioner filed an application for post-conviction relief ("PCRA") in the trial court on March 9, 2013. Petitioner asserted two grounds for relief: (1) his *Miranda* rights were violated, and (2) his trial attorney was ineffective for advising him not to accept the State's plea offer of three years imprisonment and for providing inaccurate information on the cleansing period. The trial court denied the petitioner's PCRA on October 29, 2013. Petitioner did not seek further review in the appellate courts.

Petitioner filed his federal habeas corpus application through counsel on November 21, 2013. Petitioner asserted two grounds for relief: (1) his *Miranda* rights were violated; and (2) he was denied effective assistance of counsel.

Petitioner alleged in his § 2254 petition that the first claim asserted in his federal habeas corpus application is exhausted. Petitioner conceded that he did not pursue supervisory review of his application for post-conviction relief.

One of the threshold requirements for a § 2254 petition is that, subject to certain exceptions, the petitioner must have first exhausted in state court all of his claims before presenting them to the district court. 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State....")  The Supreme Court has interpreted

§ 2254(b)(1) to require dismissal of a habeas corpus petition if it contained even a single unexhausted claim - the "total exhaustion" requirement. *Rose v. Lundy*, 455 U.S. 509, 518-19, 102 S.Ct. 1198 (1982).

In *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005), the Supreme Court created an exception to *Lundy* for mixed petitions. The Supreme Court held that a district court may stay a mixed petition rather than dismiss it, holding the petition in abeyance while the petitioner seeks exhaustion of any unexhausted claims in state court. *Id.* However, the Court feared that liberal use of this stay-and-abeyance procedure might undermine the Antiterrorism and Effective Death Penalty Act's twin purposes of encouraging the swift execution of criminal judgments and favoring the resolution of habeas claims in state court, if possible, before resorting to federal review. *Id.* at 276-78, 125 S.Ct. at 1534-35. Therefore, *Rhines* mandated that a district court should grant a stay and abeyance only in limited circumstances where: (1) the petitioner had good cause for his failure to exhaust his claims first in state court, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*.

Petitioner failed to satisfy the three requirements set forth in *Rhines*. Petitioner's first federal claim appears to already be exhausted. As to his second claim, ineffective assistance of

3

counsel, he has not shown good cause for his failure to first exhaust this claim in state court.

Therefore;

IT IS ORDERED that the petitioner shall have 14 days from the date of this order to file a motion dismissing all grounds for relief which have not been fully exhausted through the state courts.

Failure to move to dismiss unexhausted grounds for relief will result in the dismissal of the petitioner's federal habeas corpus application in its entirety as a mixed petition, which dismissal may adversely impact his ability to timely file another § 2254 application.

Baton Rouge, Louisiana, December 3, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE