UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH HERNANDEZ (#385129)

VERSUS                                                    CIVIL ACTION

RICKY SPINNER, ET AL                                      NUMBER 13-754-JJB-SCR

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 17, 2014.

                                            /s/ Stephen C. Riedlinger
                                            STEPHEN C. RIEDLINGER
                                            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KENNETH HERNANDEZ (#385129)

VERSUS                                               CIVIL ACTION

RICKY SPINNER, ET AL                                 NUMBER 13-754-JJB-SCR


**MAGISTRATE JUDGE'S REPORT**

Before the court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Kenneth Hernandez.

**I. Background**

Petitioner was found guilty of fourth offense driving while intoxicated in the Nineteenth Judicial District Court for East Baton Rouge Parish, Louisiana on November 8, 2010. Petitioner was sentenced to 20 years imprisonment at hard labor.

On direct appeal the petitioner asserted a single assignment of error: the trial court erred in denying his motion to suppress and motion for new trial. The Louisiana First Circuit Court of Appeal affirmed the petitioner's conviction and sentence. *State of Louisiana v. Kenneth Charles Hernandez*, 2011-0565 (La. App. 1st Cir. 11/9/11), 90 So.3d 550.

Petitioner sought supervisory review by the Louisiana Supreme Court. The Louisiana Supreme Court denied review. *State of*

*Louisiana v. Kenneth Charles Hernandez*, 2011-2740 (La. 4/13/12), 85 So. 3d 1245.

Petitioner filed an application for post-conviction relief ("PCRA") in the trial court on March 9, 2013. Petitioner asserted two grounds for relief: (1) his *Miranda* rights were violated, and (2) his trial attorney was ineffective for advising him not to accept the State's plea offer of three years imprisonment and for providing inaccurate information on the cleansing period. The trial court denied the petitioner's PCRA on October 29, 2013. Petitioner did not seek further review in the appellate courts.

Represented by counsel, the petitioner filed his federal habeas corpus petition on November 21, 2013. Petitioner asserted two grounds for relief - Ground One: *Miranda* rights violation; and Ground Two: ineffective assistance of counsel.

On December 3, 2013, the petitioner was granted 14 days to file a motion dismissing all grounds for relief which were not fully exhausted in the state courts.[1] On December 9, 2013, the petitioner filed a Motion to Dismiss Unexhausted Grounds for Relief From Kenneth Hernandez's Motion For Habeas Corpus Petition Under 28 U.S.C. § 2254.[2] Petitioner moved to dismiss his unexhausted ineffective assistance of counsel claim (Ground Two). On December 11, 2013, the petitioner's Motion to Dismiss the unexhausted

---

[1] Record document number 2.

[2] Record document number 3.

ineffective assistance of counsel claim was granted.[3]

## II. Applicable Law and Analysis

**a. Standard of Review**

Section 2254(d) provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(e)(1) provides as follows:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsection (d)(2) of § 2254 applies to a state court's factual determination. It bars federal court relief unless the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence." Subsection (d)(1) provides the standard of review for questions of law and mixed questions of law and fact. *Drinkard v.*

---

[3] Record document number 4.

3

*Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997).

The second clause of subsection (d)(1) refers to mixed questions of law and fact because it speaks of an "unreasonable application of ... clearly established Federal law." When the issue before the court is a mixed question of law and fact, the court may grant relief only if it determines that the state court decision rested on "an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court," to the facts of the case. The first clause of subsection (d)(1) refers to questions of law. When the issue raised involves a purely legal question, the court may grant relief only if it determines that a state court's decision rested on a legal determination that was "contrary to...clearly established Federal law, as determined by the Supreme Court." *Id*.

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S.Ct. 1388, 1399, 179 L.Ed.2d 557 (2011); *McCamey v. Epps*, 658 F.3d 491, 497 (5th Cir. 2011). Review under § 2254(d)(1) focuses on what a state court knew and did. *Cullen v. Pinholster*, 131 S.Ct. at 1399. "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas corpus petitioner must overcome

4

the limitation of § 2254(d)(1) based on the record that was before that state court." *Id.*, at 1400. State court decisions are measured against the Supreme Court's precedents as of "the time the state court renders its decisions." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S.Ct. 1166 (2003). *Pinholster* prohibits a federal court from using evidence that is introduced for the first time at a federal-court evidentiary hearing as the basis for concluding that a state court's adjudication is not entitled to deference under § 2254(d). *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011).[4]

To determine whether a particular decision is "contrary to" then-established law, a federal court must consider whether the decision "applies a rule that contradicts [such] law" and how the decision "confronts [the] set of facts" that were before the state court. *Williams v. Taylor*, 529 U.S. 362, 405, 406, 120 S.Ct. 1495, 1519 (2000). If the state court decision "identifies the correct governing legal principle" in existence at the time, a federal court must assess whether the decision "unreasonably applies that principle to the facts of the prisoner's case." *Id.*, at 413, 120 S.Ct. at 1523.

---

[4] The Fifth Circuit Court of Appeals has held that a federal court may properly hold an evidentiary hearing when it determines, based solely on the state court record, that the state court's determination was contrary to or involved an unreasonable application of clearly established federal law. *Bobby Smith v. Burl Cain*, 708 F.3d 628, 634 (5th Cir. 2013).

Under the AEDPA, a petitioner is not entitled to relief unless he can show that the state court decision denying relief was "contrary to" or "an unreasonable application of [ ] clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d); *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002), *cert. denied*, 538 U.S. 969, 123 S.Ct. 1768 (2003).  The AEDPA also requires the court "to presume state-court findings of fact to be correct 'unless the petitioner rebuts that presumption by clear and convincing evidence.'" *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citing *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001), *cert. denied*, 537 U.S. 883, 123 S.Ct. 106 (2002)(citations omitted)).  The AEDPA's deferential standard of review only applies to the state court's adjudication of a petitioner's claim on the merits, a condition satisfied here.  28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Supreme Court precedent when it "applies a rule that contradicts the governing law set forth in [the Court's] cases," or reaches an opposite conclusion from a Supreme Court case upon facts that are "materially distinguishable." *Williams v. Taylor*, 529 U.S. at 405-06, 120 S.Ct. at 1519-20.  In the alternative, a state court "unreasonably applies" clearly established federal law if it correctly identifies the governing law but unreasonably applies it to the facts of a particular case.  *Id*. at 407-09, 120 S.Ct. at

6

1520-21.  A state court's application of the law must be objectively, not subjectively, unreasonable.  *Id*.  The Supreme Court has explained "the most important point is that an unreasonable application of federal law is different from an incorrect application of federal law," in the sense that it is *not* "simply because [the reviewing] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, the application must be unreasonable."  *Id*.  *Accord, Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 1939 (2007).

### Ground One: *Miranda* Rights Violation

In Ground One the petitioner argued that when he was initially questioned by Louisiana State Trooper Jerry Sandifer, he was not advised of his *Miranda* rights, as required by La.C.Cr.P. art. 218.1 and the Louisiana Constitution.

A federal habeas court may grant relief when the petitioner is held in custody pursuant to a judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  Federal courts will not review a state court's interpretation of its own law in a federal habeas corpus proceeding.  *Cook v. Morrill*, 783 F.2d 593 (5th Cir. 1986).

Insofar as the foundation of the petitioner's habeas

7

application rests on the proper interpretation and application of state jurisprudence and rules of procedure, this is an issue not within the scope of federal habeas corpus.

The Fifth Amendment provides that no person "...shall be compelled in any criminal case to be a witness against himself ..." U.S. CONST. Amend. V.  In *Miranda*, the Supreme Court held the privilege against self-incrimination requires that incriminating statements obtained during a custodial interrogation be inadmissible as evidence against a defendant unless the defendant was provided a full and effective warning of his rights.  *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966).  However, a defendant who gives a statement to law enforcement officials in a non-custodial situation need not be advised of his *Miranda* rights.  *Oregon v. Mathiason*, 429 U.S. 492, 97 S.Ct. 711, 714 (1977).

A suspect is "in custodial interrogation" for purposes of *Miranda* "when placed under formal arrest or when a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest." *United States v. Bengivenga*, 845 F.2d 593, 596 (5th Cir. 1988) (en banc). Whether a person is "in custody" for *Miranda* purposes is determined by the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officer or

the person being questioned. *Stansbury v. California*, 511 U.S. 318, 325-26, 114 S.Ct. 1526, 1530-31 (1994).

In *Thompson v. Keohane*, 516 U.S. 99, 116 S.Ct. 457 (1995), the Supreme Court held that the determination of whether a suspect is "in custody," so as to entitle the suspect to *Miranda* warnings, presents "two discreet inquiries": "[F]irst, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave." *Id*. at 112, 116 S.Ct. at 465 (internal footnote omitted). The first inquiry is "distinctly factual," and the "[s]tate court's findings on these scene- and action-setting questions" are entitled to a presumption of correctness. *Id*. (citing former 28 U.S.C. § 2254(d), now 28 U.S.C. § 2254(e)(1)). The second inquiry, "however, calls for application of the controlling legal standard to the historical facts," *id*. and, thus, presents a "'mixed questions of law and fact,'" requiring "independent review" by the court in federal habeas corpus proceedings.[5] *Id*. at 112-13, 116 S.Ct. at 465.

Although the *Keohane* two-step inquiry remains unaltered, the

---

[5] The Supreme Court granted certiorari to resolve the question whether, in federal habeas corpus proceedings, a state-court "in custody" determination for purposes of *Miranda* is a factual finding entitled to a presumption of correctness or a mixed question of law and fact warranting independent review by the federal habeas court. *Keohane*, 516 U.S. at 102, 116 S.Ct. at 460.

9

level of "independent review" mandated by *Keohane* has been tempered by the passage of the AEDPA, which became effective after the ruling in *Keohane*. The AEDPA mandates that courts must accord deference to legal determinations made by a state court so that, in this proceeding, habeas corpus relief is not available to the petitioner unless the legal decision "involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Yarborough v. Alvarado*, 541 U.S. 652, 663, 124 S.Ct. 2140, 2149 (2004).

The Louisiana First Circuit Court of Appeal made the following factual findings:

> Upon being dispatched to investigate the accident, Trooper Sandifer had the legal authority to question the persons, including the defendant, at the scene. However, because the Trooper did not have any information to indicate that a crime had occurred, his initial questioning of the defendant was on-the-scene and non-custodial. The Trooper's questions were asked to determine how the accident occurred. When the defendant responded, a strong odor of alcohol was noticed on his breath. The Trooper's testimony reveals that the defendant was placed under arrest only after the Trooper heard the defendant's answers to the questions and conducted further investigation that included field sobriety tests.
> Although Trooper Sandifer testified that he would have stopped the defendant if he had tried to "walk away" from the accident scene, there is no evidence to indicate that defendant was under arrest, was under significant restraint, that his detention was for any lengthy period of time, or that he was even physically restrained at the time he was asked if he had been driving the vehicle or drinking alcohol. Nor is there any evidence to show that the defendant believed he was being detained. The Trooper had not advised the defendant that he was under

>   arrest or being detained, and the defendant did not request that he be allowed to leave the scene. Thus, the defendant's answers to Trooper Sandifer's questions, prior to defendant's arrest and advice of his **Miranda** rights, were admissible.

*Hernandez*, at 6-7 (bold in original).

Petitioner has not shown that the state court's decision "was contrary, to involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Consequently, the petitioner has not rebutted the presumption of the correctness of state court's factual findings by clear and convincing evidence, as he is required to do by § 2254(e)(1).

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Kenneth Hernandez be denied.

It is further recommended that a certificate of appealability be denied for the reasons set forth herein.

Baton Rouge, Louisiana, March 17, 2014.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE